UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAO TRAN | * | CIVIL ACTION NO.: |
|   Plaintiff | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| STARBUCKS CORPORATION | * | |
|   Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   Clerk of Court
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, Louisiana 70130

Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks Corporation") respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and as cause therefore shows as follows:

### I. BACKGROUND

1.

This action was originally commenced by Plaintiff, Hao Tran, on July 1, 2022 through the filing of a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled *Hao Tran v. Starbucks*, bearing civil action number 830-021, Division M.[1]

2.

In his Petition for Damages, Plaintiff named Starbucks Corporation as the defendant.

---

[1] *See generally* Exhibit A, Copies of All Process, Pleadings, and Orders contained in the record of the Clerk of the Court, 24th Judicial District Court for Parish of Jefferson.

3.

Plaintiff's Petition for Damages was filed on July 1, 2022. Defendant, Starbucks Corporation first received a copy of the Petition for Damages on July 26, 2022, which is the first time any defendant received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.

4.

This removal is effected and has been timely filed within thirty (30) days of any removing Defendant receiving a copy of the initial pleading setting forth the claim for relief upon which this action is based and within one (1) year after commencement of the action, as allowed by 28 U.S.C. § 1446(b).

5.

No other Defendants are named that would require joining in the removal of this action therefore satisfying the requirements of 28 U.S.C. § 1446(b)(2)(A).

6.

The United States District Court for the Eastern District of Louisiana is the Court embracing the place where this action is pending in state court.[2]

7.

This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. § 1332; 28 U.S.C. §1441; and 28 U.S.C. §1446.

8.

Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit "A," are all process, pleadings, and Orders contained in the record of the Clerk of the Court, 24th Judicial District Court, Parish of Jefferson.

---

[2] *See* 28 U.S.C. § 98(a).

**I. DIVERSITY OF CITIZENSHIP JURISDICTION**

9.

This action is properly removed to this Court pursuant to 28 U.S.C. §1332 and §1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.

Upon information and belief, at the time of the filing of the Petition for Damages and at all times thereafter, Plaintiff was and is an individual domiciled in and a citizen of the State of Louisiana.

11.

Plaintiff states that Starbucks Corporation is a foreign company authorized to do business in the State of Louisiana.[3] At the time of the filing of the Petition for Damages and at all times thereafter, Starbucks Corporation was and is incorporated under the laws of the State of Washington.[4]

12.

Based on the foregoing, there is complete diversity of citizenship of the parties, inasmuch as Plaintiff is a citizen of the State of Louisiana and the Defendant is a citizen of states other than Louisiana.

**II. AMOUNT IN CONTROVERSY**

13.

Plaintiff's Petition for Damages alleges that, as a result of the negligence of Starbucks Corporation, Plaintiff is entitled to damages, such as past physical pain, suffering and

---

[3] *See* Exhibit A, Plaintiff's Petition for Damages, para. 1.
[4] *See* Exhibit B, Louisiana Secretary of State's website indicating that Starbucks Corporation is incorporated under the laws of the State of Washington and has its principal place of business in Washington.

discomfort; past mental anguish, aggravation and annoyance; future physical pain, suffering, and discomfort; future mental anguish, aggravation, and annoyance; past medical expenses; future medical expenses; lost wages; and loss of enjoyment of life.[5]

14.

In a delictual action such as this, the Louisiana Rules of Civil Procedure prohibit a plaintiff from including any "specific monetary amount of damages" in an original Petition "<u>except</u> that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."[6]  Here, Plaintiff failed to provide any such general allegation to establish the lack of this Court's jurisdiction in their Petition for Damages. Under such circumstances, there is a presumption in favor of finding that the amount in controversy exceeds the amount necessary for federal jurisdiction.[7]  Moreover, it is facially apparent that Plaintiff's claims seeking recovery in tort for the damages described in the preceding paragraph are well in excess of $75,000.00. This demonstrates that 28 U.S.C. § 1332's amount in controversy requirement is satisfied in this case.[8]

15.

Thus, it is apparent from the face of the Petition for Damages that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

---

[5] *See* Exhibit A, Plaintiff's Petition for Damages, para. 10.
[6] La. Code Civ. Proc. art 893(A)(1).
[7] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[8] *See Carbajal v. Caskids Oil Operating Co.*, Civ. A. No. 05-5966, 2006 WL 1030392, at *3 (E.D.La. Apr. 18, 2006) (Africk, J.); *see also Broadway v. Wal-Mart Stores, Inc*., Civ. A. No. 00-1893, 2000 WL 1560167, at *2 (E.D.La. Oct. 18, 2000) (Livaudais, J.).

### III. JURY DEMAND

16.

Defendant hereby prays for a trial by jury on all issues raised in Plaintiff's Petition for Damages.

### IV. CONCLUSION

17.

This civil action is one in which this court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

18.

Pursuant to 28 U.S.C. § 1446(d), Plaintiff's counsel are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

19.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal, that to the best of her knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

20.

By filing this Notice of Removal, Defendant does not waive and hereby reserves all defenses and objections to Plaintiff's Petition for Damages.

WHEREFORE, Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company, respectfully requests that this Court assume full jurisdiction over this matter as provided by law because all properly joined parties are completely diverse and the requisite jurisdictional amount in controversy has been met.

>Respectfully submitted:
>
>*/s/ Morgan A. Druhan*
>RACHEL G. WEBRE (#26907)
>MORGAN A. DRUHAN (#37102)
>ASHELEE SINGLETON (#40051)
>GIEGER, LABORDE & LAPEROUSE, L.L.C.
>Hancock Whitney Center
>701 Poydras Street, Suite 4800
>New Orleans, Louisiana  70139
>Telephone: (504) 561-0400
>Facsimile: (504) 561-1011
>Email: rwebre@glllaw.com
>       mdruhan@glllaw.com
>       asingleton@glllaw.com
>*Attorneys for Starbucks Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing *Notice of Removal* has been served upon:

>Byron M. Forrest
>Eric S. Hamilton
>Forrest Cress & James, LLC
>1222 Annunciation Street
>New Orleans, Louisiana 70130
>Telephone: 504-605-0777
>Facsimile: 504-322-3883
>Email:     byron@fcjlaw.com
>Email:     eric@fcjlaw.com
>*Attorneys for Plaintiff*

by electronic mail this 23rd day of August, 2022.

>*/s/ Morgan A. Druhan*
>MORGAN A. DRUHAN