```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

HAO TRAN                                          CIVIL ACTION

VERSUS                                            NO. 22-2828

STARBUCKS CORPORATION                             SECTION "B"(1)
```

## ORDER AND REASONS

Considering plaintiff's motion to remand (Rec. Doc. 8),

**IT IS ORDERED** that the motion is **GRANTED**, remanding the above-captioned case to state court.

### I. Factual Background and Procedural History

Hao Tran ("plaintiff") is a resident of Jefferson Parish, Louisiana. Rec. Doc. 1-1 at 3. On the morning of July 5, 2021, plaintiff went to Starbucks and "ordered two venti-sized hot waters." Rec. Doc. 8-1 at 1. After receiving the "boiling temperature" waters, he placed the cups on a table as he was sitting down "the tabled tilted, causing the cups to tip over, spilling the hot liquid onto the Plaintiff," "burning is stomach, right thigh and knee." *See* Rec. Doc. 1-1 at 4; Rec. Doc. 8-1 at 1.

At the urgent care, plaintiff "was diagnosed with second degree burns, his wounds were wrapped, and he was prescribed burn ointment." Rec. Doc. 8-1 at 1. On August 9, 2021, plaintiff followed up with his primary care physician, Dr. John B. Logan, who conducted a physical exam of plaintiff and determined "Patient appears to have healed without severe sequelae. He shows near

1

complete healing with some continued discoloration of his skin." Rec. Doc. 8-1 at 1-2; Rec. Doc. 8-2 at 3. However, he also noted that plaintiff complained of pain and itchiness, causing difficulty in walking. *See* Rec. Doc. 8-2 at 2; Rec. Doc. 8-3 at 1. Dr. Logan recommended just "over-the-counter moisturizing cream to the affected areas on the right lower extremity . . . . [and] [r]eturn to clinic as needed." *See* Rec. Doc. 8-2 at 2.

Plaintiff filed a petition for damages against Starbucks Corporation in Louisiana state court on July 1, 2022, alleging damages for "past physical pain, suffering and discomfort; past mental anguish, aggravation and annoyance; future physical pain, suffering and discomfort; future mental anguish, aggravation and annoyance; past medical expenses; future medical expenses; lost wages; and loss of enjoyment of life." Rec. Doc. 8-1 at 2.

On August 23, 2022, defendant Starbucks removed the case to federal court according to 28 U.S.C. §§ 1441, 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332. First, that complete diversity existed as "Plaintiff was and is an individual domiciled in and a citizen of the State of Louisiana," while Starbucks Corporation was and is incorporation under the laws of the State of Washington . . . . and has its principal place of business in Washington." Rec. Doc. 1 at 3, 3 n.4. Whereas plaintiff was prohibited from pleading specific monetary amount of damages due to Louisiana's rules on civil procedure, defendant alleged that

"it is facially apparent that Plaintiff's claims seeking recovery in tort for the damages described [in the petition] are well in excess of $75,000.000," therefore the amount in controversy requirement would be satisfied. *Id.* at 4.

On September 22, 2022, plaintiff filed the instant motion to remand. Rec. Doc. 8. Plaintiff argues that the petition "describes a burn injury from hot, not boiling, water' the injuries from which typically include mild pain, redness, swelling and in more severer cases cause blisters, white, wet, and shiny skin. On the face of the Petition, this is a mild injury . . . ." Rec. Doc. 8-1 at 3-4. Further, plaintiff contends that "[t]his is a 2nd degree burn case from which the Plaintiff recovered in large part with no complications after three weeks of applying ointment." *Id.* at 4.

On September 29, 2022, plaintiff filed a stipulation as to the amount of damages, stipulating that "all claims of plaintiff arising out of this lawsuit and in the aggregate do not exceed $75,000, and that he waives, releases and remits his claims to any damages in this action greater than $75,000, and agrees to be bound by this Stipulation . . . ." Rec. Doc. 10. Defendant then filed a response to plaintiff's motion to remand, stating that "it has no objection to Plaintiff's Motion to Remand this matter to state court because Plaintiff has stipulated that the amount in controversy requirement of diversity jurisdiction under 28 U.S.C. § 1332 is not met." Rec. Doc. 11.

3

## II. Law and Analysis

### a. Standard of Review

Federal courts are courts of limited jurisdiction. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). Removal of a civil action to federal court is governed by 28 U.S § 1441 and is proper where the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§ 1331 [federal question] or 1332 [diversity] are satisfied." *Halmekangas*, 603 F.3d at 292 (alteration in original) (internal quotations and citation omitted). Federal diversity jurisdiction under 28 U.S.C. § 1332 exists where there is complete diversity of citizenship of the parties, and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Motions to Remand are governed by 28 U.S.C. § 1447(c), which provides that: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

"To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). However, Louisiana law prohibits plaintiffs from pleading a specific amount of monetary damages. *See* La. Code Civ. Proc. art. 893(A)(1). Where an indeterminate amount of damages was alleged, the removing party "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *See Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). This can be established if it is facially apparent that the amount of damages is likely to exceed the jurisdictional amount of $75,000, or by "summary judgment type evidence" of the facts in controversy that support a finding of exceeding the jurisdictional amount. *See id.* (citations omitted).

A post-removal change in damage request does not deprive the court of jurisdiction once it has attached. *See Tumminello v. Murphy Oil Corp.*, No. 09-CV-7324, 2010 WL 1333139, at *2 (E.D. La. Mar. 29, 2010) (Lemelle, J.) (citing *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 599, 565 (5th Cir. 1993), abrogated on other grounds by *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)); *see also Cooper v. Icon Health & Fitness*, No. 11-CV-152, 2011 WL 2669455, at *4 (E.D. La. July 7,

2011) (Lemelle, J.) ("The fact that Plaintiff has offered to stipulate that damages will not exceed $75,000 does not bar removal."). The court may only consider post-removal stipulations which seek to clarify, rather than reduce, plaintiff's demand after removal. *See Tumminello*, 2010 WL 1333139, at *2. (quoting *Marcel v. Pool Co.*, 5 F.3 81, 85 (5th Cir. 1993)).

### b. Motion to Remand

It is undisputed that the parties are completely diverse. *See* Rec. Doc. 1 at 3; Rec. Doc. 1-1 at 3. Therefore, the only question left under federal diversity jurisdiction is whether the jurisdictional amount is satisfied. Here, defendant Starbucks Corporation must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno*, 276 F.3d at 723.

It is not facially apparent in the petition that plaintiff's damages exceed $75,000. In accordance with state law, plaintiff does not allege a particularized amount of monetary damages, and the petition does not make the amount of damages clear. In his petition the plaintiff alleges that after placing two cups of boiling or hot water on a "wobbly table" in defendant's coffee shop, the table tilted, and the hot water spilled onto plaintiff. *See* Rec. Doc. 1-1 at 4. Plaintiff alleges damages for "past physical pain, suffering and discomfort; past mental anguish, aggravation and annoyance; future physical pain, suffering and

discomfort; future mental anguish, aggravation and annoyance; past medical expenses; future medical expenses; lost wages; and loss of enjoyment of life." *See* Rec. Doc. 8-1 at 2. In its notice of removal, defendant argues that the above-listed damages demonstrate that it is facially apparent that the jurisdictional amount exceeded. *See* Rec. Doc. 1 at 4. However, the Court does not agree with defendant's contention. At no point in the petition does plaintiff describe the nature or extent of his injuries, and by simply listing categories of damages, it cannot be said that this demonstrates the requisite jurisdictional amount on the face of the petition. Therefore, based on his petition the amount in controversy is ambiguous, and the Court will consider summary-judgment type evidence. *See Manguno*, 276 F.3d at 723.

In support of his motion to remand, plaintiff attaches his medical records and recounts that after spilling the waters onto his stomach, right thigh, and knee, he went to Ochsner Urgent Care[1], where he was diagnosed with and treated for second-degree burns. *See* Rec. Doc. 8-1 at 1; Rec. Doc. 8-2 at 1-2. This consisted of wrapping his wounds and prescribing plaintiff burn ointment. *See* Rec. Doc. 8-1 at 1; Rec. Doc. 8-2 at 1-2. Plaintiff was

---

[1] Whereas plaintiff states that he went to and was treated at Ochsner Urgent Care on Veteran's Blvd. (Rec. Doc. 8-1 at 1; Rec. Doc. 8-2 at 1), his medical record from Dr. John B. Logan states that plaintiff "was evaluated at the Ochsner foundation Hospital . . . ."

instructed to follow up with his primary care physician, Dr. John B. Logan. Rec. Doc. 8-1 at 1.

A little over one month after the incident, plaintiff followed up with Dr. Logan complaining about "pain and itchiness that causes difficulty walking," concerned about possible nerve damage and scarring. *See id.* at 1-2; Rec. Doc. 8-2 at 1. In his assessment Dr. Logan noted plaintiff "appears to have healed without severe sequelae," and there was near complete healing with some discoloration. *See* Rec. Doc. 8-2 at 3. Dr. Logan recommended over-the-counter moisturizing cream to be applied to the affected areas, and to return as needed. *See id.* Plaintiff further alleges that he has largely recovered from the second-degree burn without complications after three-weeks of applying ointment. *See* Rec. Doc. 8-1 at 4; Rec. Doc. 8-2 at 3. These facts indicating plaintiff suffered second-degree burning from which he is almost completely healed do no demonstrate an amount in controversy exceeding $75,000.

Plaintiff further filed a stipulation in the record stating that "all claims of plaintiff arising out of this lawsuit and in the aggregate do not exceed $75,000, and that he waives, releases and remits his claims to any damages in this action greater than $75,000, and agrees to be bound by this Stipulation . . . ." Rec. Doc. 10. While a post-removal stipulation does not automatically divest the court of jurisdiction it can provide clarity to an

8

ambiguous amount in controversy. *See Tumminello*, 2010 WL 1333139, at *2. Here, plaintiff's stipulation does not seek to lessen the amount in damages, but clarifies that all claims aggregated do not exceed $75,000. *See* Rec. Doc. 10. Plaintiff's binding stipulation limiting recovery to less than $75,000 supports remanding the case to state court. *See Manguno*, 276 F.3d at 724 (emphasis added) (citation omitted) (A case should be remanded if plaintiff can show by legal certainty that recovery will fall under the jurisdictional amount, which can be established "by identifying a statute, *or by filing a binding stipulation, that so limits her recovery*."); *Ryan v. PHH Mortg. Corp.*, No. 12-CV-458, 2012 WL 1946434, at *3-4 (E.D. La. May 30, 2012) (Lemelle, J.); *Tumminello*, 2010 WL 1333139, at *2. Finally, upon filing the stipulation, defendant to its credit stated it has no objection to the motion to remand. *See* Rec. Doc. 11.

    New Orleans, Louisiana this 10th day of November, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE